## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.R. and G.R., as individuals | ) | |
| and parents and natural guardians of | ) | **CIVIL ACTION** |
| S.S., a minor, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOHAWK AREA SCHOOL DISTRICT, | ) | |
| DR. MICHAEL LEITERA, | ) | |
| DR. LORREE HOUK, MARK HILER, | ) | |
| EDMOND RETORT, JR., | ) | |
| MARK SOLLEY, | ) | |
| NANCY SOLDERICH, KIRK LAPE, | ) | |
| MICHAEL MCBRIDE, | ) | |
| RACHEL MCGREAL, | ) | |
| JAMES MCKIM, SHERRY PATTON, | ) | |
| and MARK PEZZUOLO | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

**AND NOW**, come the Plaintiffs, R.R. and G.R. as individuals and parents and

natural guardians of S.S., a minor, by and through their attorneys, Alexander H.

Lindsay, Jr., Esquire and THE LINDSAY LAW FIRM, P.C., who file the within

Complaint in Civil Action, and in support thereof, aver the following:

1

## I.  INTRODUCTION

1.      The Plaintiff, S.S., a ninth grader, tried out for the Mohawk High School football team in August of 2022.

2.      As part of a bizarre form of initiation, the Plaintiff S.S. and other 9th grade players were taken to a closeted room and forced to submit and participate, against their will, in sexual acts of a homosexual nature.

3.      The Mohawk Area School District, in concert with the Lawrence County District Attorney's Office, conducted an investigation of the incident and determined there was no "hazing".

4.      R.R., S.S.'s mother, complained vociferously in online posts and at school board meetings concerning the indifference with which the school board and school administration treated, what she believed to be a very serious matter.

5.      In November of 2022 the school administration obtained, apparently taken with a smart phone, a video of S.S. performing a sexual act at the behest of the seniors.

6.      As a result of what was on this film, S.S. was permanently expelled from the Mohawk School District and, as a result of conduct by the Mohawk Area School District administration, was unable to obtain a normal education anywhere in Lawrence County.

7.     Furthermore, S.S. was prosecuted by the District Attorney's Office in Juvenile Court for acts on the film.

8.     After a hearing in January of 2023, the charges against S.S. were dismissed.

9.     S.S. was selected by the Mohawk Area School District for expulsion and prosecution because his mother, R.R. vociferously and persistently complained about the lack of action and the indifference on the part of the district administrators and school board to the perverse behavior inflicted upon her son and others.

## II.  JURISDICTION AND VENUE

10.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and the First Amendment to the United States Constitution.

11.    Venue is present in the Western District of Pennsylvania as this is the district where the causes of action arose, the district where the transactions and occurrences took place out of which the causes of action arose, and is a district in which Defendants regularly conduct activity.

## III. PARTIES

12.    Plaintiff R.R. is an adult individual and the mother and natural guardian of S.S., and at all times pertinent to this Complaint, Plaintiff R.R. was and still is a citizen of the United States and the Commonwealth of Pennsylvania.

13.     Plaintiff G.R. is an adult individual and the natural guardian of S.S., and at all times pertinent to this Complaint, Plaintiff G.R. was and still is a citizen of the United States and the Commonwealth of Pennsylvania.

14.     Plaintiff S.S. is the son of the Plaintiffs R.R. and G.R. and at all times pertinent to this Complaint, Plaintiff S.S. was and still is a citizen of the United States and the Commonwealth of Pennsylvania.

15.     Plaintiff S.S. was a minor and at all times pertinent to this Complaint and was a student in the Mohawk Area School District.

16.     Defendant Mohawk Area School District (hereinafter "Mohawk") is a governmental agency organized pursuant to the laws of the Commonwealth of Pennsylvania, with its principal office located at 385 Mohawk School Road, New Castle, PA  16102.

17.     Mohawk is responsible for the hiring, retention, training, supervision and discipline of its employees, including its teachers, principals and coaches.

18.     Defendant Dr. Michael Leitera is an adult individual who is, and was at all times material to this complaint, the Superintendent of the Mohawk Area School District and a citizen of the United States and the Commonwealth of Pennsylvania. He is sued in his individual capacity.

19.     Defendant Dr. Lorree Houk is an adult individual who is, and was at all times material to this complaint, the Assistant Superintendent of the Mohawk Area

School District and a citizen of the United States and the Commonwealth of Pennsylvania. She is sued in her individual capacity.

20.    Defendant Mohawk Area School District School Board Members, Mark Hiler, President, Edmond Retort, Jr., Vice President, Mark Solley, Treasurer, Nancy Solderich, Secretary, Kirk Lape, Michael McBride, Rachel McGreal, James McKim, Sherry Patton and Mark Pezzuolo are adult individuals who are, and were at all times material to this complaint, the School Board Directors of Mohawk Area School District and citizens of the United States and the Commonwealth of Pennsylvania.  They are sued in their individual capacities.

## IV. FACTUAL ALLEGATIONS

**A.     The Sexual Assault of the Plaintiff S.S., August 17, 2022**

21.    The Mohawk football team began its 2-a-day football camp on August 15, 2022.

22.    Prior to going out for football and attending the 2-a-day football camp, S.S. had loved playing the game of football and was anxious to pursue high school and perhaps collegiate football.

23.    It was part of the Mohawk 2-a-day football program that the participants would engage in "nap/rest time" between the 2 practice sessions.

24.     Prior to attending the 2-a-day sessions, S.S. was reluctant to play football, in spite of his love of the game, because he had heard ahead of time about the seniors on the football team being "mean" to freshman.

25.     Nonetheless, R.R. and G.R. encouraged their son to play football assuming that there would be adult supervision on the part of the coaching staff that would have prevented any type of dangerous conduct.

26.     "Nap time" on August 17, 2022 consisted of various senior members of the football team staying in a utility closet in the auxiliary gym at Mohawk High School.

27.     S.S. was brought into the room where he was confronted with a junior football player standing there was his pants down and genitalia exposed.

28.     There were 10 to 15 upper class football players in the room at the time.

29.     The group of seniors began to yell at S.S. to pull his pants down and told him "hand job or blow job".

30.     S.S. believed they were joking but they persisted and then one of these individuals pulled S.S.' pants down and began to stroke his penis.

31.     At that point S.S. began crying and the group of upper class football players laughed at him for crying and he was told "don't f_____g say a word, I swear to God."

32.     S.S. at that point was not permitted to leave the room and sat in the corner in tears.

33.     Other freshman football players were brought into the room and subjected to similar antics and were encouraged to perform sexual acts on each other.

## B.     The August 18, 2022 Interrogation

34.     On Thursday, August 18, 2022 the Plaintiff R.R. received a call from Assistant Principal David DiCaprio and was informed there had been a hazing incident at the school and was asked, "How fast can you get here?"

35.     When R.R. arrived at the school she was confronted by police cars and frantic parents.

36.     The Plaintiff R.R. and her husband were directed to the principal's office at sat down with a detective from the Lawrence County District Attorney's Office.

37.     S.S. was brought into the office moments later and he was questioned about what took place during the "hazing" incident.

38.     S.S. then tearfully related how he was led into a utility closet and forced to participate in sexual acts.

39.     R.R. questioned the detective as to "where the hell were the coaches?"

40.     R.R. then searched out Head Football Coach Tim McCutcheon after leaving the principal's office and asked him why and how this happened.   More specifically, why the boys were left alone.

41.     McCutcheon informed R.R. that he was "trying to teach them to be responsible adult men" which R.R. yelled at him and told him that wasn't his job.

42.     McCutcheon indicated that he didn't know there was a predator among the boys and he also stated he knew there were "dick pics" sent around in the days prior to this incident.

**C.     The Investigation.**

43.     Following the interview on August 18, 2022, all football related activities were cancelled while the alleged "hazing incident" was investigated.

44.     Following two weeks of investigation, football activities were authorized and football practice resumed on Friday, September 2, 2022.

45.     The first football game of the season was played at Laurel High School on September 9, 2022.

46.     Following the investigation by the school and the District Attorney's Office, two of the seniors involved in the incident of August 17, 2022 were expelled from the school.

47.     There was no discipline of the other perpetrators of the incident nor was there any investigation into the conduct of the administration or coaching staff concerning what occurred on August 17, 2022.

**D.     The September 6, 2022 School Board Meeting and the Impact on S.S.**

48.     On September 6, 2022 a special school board meeting occurred wherein the Lawrence County District Attorney Joshua Lamancusa provided information about the alleged hazing.

49.     The District Attorney stated that there was no sexual assault, no hazing and no culture of hazing at Mohawk.

50.     R.R. and G.R. attended the school board meeting and spoke about the incident.

51.     R.R., G.R. and S.S. were berated and "victim shamed" by other parents of the school during this meeting.

**E.     R.R. and G.R.'s Participation at School Board Meetings**

52.     On September 13, 2022 R.R. and G.R. attended the regular monthly meeting of the Mohawk Area School Board.

53.     At this meeting, during the public statement part of the meeting R.R. complained about the treatment that her son received and the apparent indifference of the school administrators.

54.     On this same day, S.S. was targeted during a training exercise and received a severe blow to the head causing a concussion.

55.     As a result of the concussion, S.S. was not able to play football for two weeks.  During this period he was bullied by other football players and reached the decision he no longer wanted to play football at Mohawk Area High School.

56.     On October 13 and November 8, 2022 R.R. and G.R. attended the regular monthly meetings of the Mohawk Area School Board.

57.     During the November 8, 2022 meeting, R.R. spoke out against the lack of response as to what R.R. perceived to be a very serious matter on the part of the school administration.

58.     At the November 8, 2022 meeting, R.R., G.R. and S.S. were victim shamed as "alleged victims".

**F.    The Video**

59.     On November 9, 2022 S.S. was informed that he was being suspended as a result of a video taken during the August 17, 2022 incident.

60.     The alleged video did not present any information that the board and the school administration had not been aware.  Indeed, the school board had the video as a result of the initial investigation.

61.     R.R. was informed that because of the video, S.S. was being suspended pending expulsion.

62.     On November 28, 2022 a hearing was held concerning the expulsion and the school board determined to permanently expel S.S. from Mohawk High School.

63.     None of the other 9th graders who were victimized by the hazing incident on August 17, 2022 received any discipline.

64.     Other than the two participants in the senior class, already mentioned, none of the other junior or senior football players who participated in the incident of August 17, 2022 received any discipline.

65.     It was clear that S.S. was suspended because of the activity of R.R. online and at school board meetings condemning the school district, the school board members, administrators and coaches' indifference as to what occurred to S.S. and other freshman boys on August 17, 2022.

**G.     Athletic Director Ron Moncreif kept out of the Investigation**

66.     During the autumn months of 2022, the Athletic Director at Mohawk was Ron Moncrief.

67.     In spite of the fact the Mr. Moncrief was the Athletic Director, he was deliberately kept out of the investigation by Superintendent Leitera and Principal Meehan who indicated they were "taking care of it".

68.     Mr. Moncrief had a meeting with Principal Meehan was informed by Meehan that S.S. was a "troublemaker".

69.     Mr. Moncrief was familiar with S.S. and believed that Meehan and Superintendent Leitera were "painting a picture" of S.S. that he had not witnessed.

70.     Mr. Moncrief was told by Leitera and Meehan not to talk to the media about the matter.

71.     According to Moncrief, he, as an athletic director was nothing more than a "figurehead" with no real authority on the matter.

72.     According to Moncrief, the Mohawk administrators created a "front" to look like they were doing everything they could but at the end of the day they had an inside plan to protect certain students who were involved in the incident.

73.     According to Moncrief, as a result of his conversations with Defendant Leitera and Meehan, it was clear that if R.R. did not speak up, S.S. would not have been expelled.

**H.      The Prosecution of S.S. by the Lawrence County District Attorney's Office**

74.     On December 29, 2022, S.S. was served with a juvenile complaint.

75.     Initially the hearing was set for January 4, 2023 and kept being continued and eventually scheduled for an adjudicative hearing on March 2, 2023.

76.     S.S. was charged with Disorderly Conduct (Hazardous/Offensive Physical Conduct) and the charges were supported by the Affidavit of Probable Cause completed by Detective Thomas Burke.

77.    The charges were dismissed by the Honorable Judge David H. Acker on March 1, 2023.

**I.    R.R. and G.R.'s  Futile Attempts to Obtain a High School Education for S.S.**

78.    For the remainder of the 2022-2023 school year, S.S. was forced to attend Cray Educational Center ( hereinafter "Cray").

79.    Cray is a school for Lawrence Count students who struggle to comply with public school expectations. R.R. was informed by several educators at Cray who stated that S.S. should not be there because he did not belong, as he was not a "defiant child".

80.    S.S. was out of place at Cray because he had been a good student, was always respectful and, while other students at Cray were there for fighting, drugs, being disruptive in class and other issues, S.S. was not.

81.    S.S. started Cray in 9th grade, did well for completing course recovery credits and finished the year having completed 10th grade.

82.    For the 2023-2024 school year, S.S. was starting 11th grade and R.R. and G.R. attempted to get him into a school at PA Cyber or Lawrence County Career Tech.

83.    R.R. and G.R. also contemplated into moving into another school district.

84.     Other district superintendents indicated they would not accept S.S. due to the actions taken by the Mohawk superintendent.

85.     R.R. was informed that S.S. could not attend PA Cyber School because S.S. did not have a "home school district" to attend.

**J.     R.R. and G.R. Continued Efforts to Have Expulsion Lifted and S.S.'s move to Texas**

86.     In October 2023, R.R. and G.R. requested that the Mohawk School Board reconsider the expulsion as S.S. had been found not guilty of the alleged incident that was made the basis for his expulsion in November of 2022.

87.     R.R. requested reconsideration from the Board several times prior to the October 2023 meeting.

88.     The Mohawk School Board denied their request every time.

89.     At the October 2023 meeting, S.S. was removed from the School Board meeting at the direction of the Mohawk School Board by the School Resource Officer.  S.S was removed because "he is not permitted on school grounds."

90.     The School Resource Officer was very nice and apologized for having to remove S.S. stating he was only doing what he was told to do.

91.     S.S. was mentally exhausted from attending Cray with disruptive students.   It was determined that he would move to Texas in order to attend a public school living with R.R.'s sister.

92.     In Sudan, Texas S.S. was given the opportunity to attend a public high school.

93.     Upon arrival S.S. was able to participate in football practice but was not able to play since he was a transfer and regulations in Texas did not allow for his participation in games.

94.     In high school in Sudan, Texas he was also able to participate in junior varsity basketball.

95.     The Mohawk administration initially refused to send S.S.' school records to Sudan High School, apparently in an attempt to continue to retaliate against S.S. as a result of R.R.'s criticism of their behavior.

96.     When the documents were finally submitted to Sudan High School by Mohawk administration officials, the information about the incident on August 17, 2022 began to circulate among students and S.S. began to receive harassment from other students at Sudan High School.

97.     Not wishing to relive the entire tragic situation at Mohawk High School, S.S. returned to Pennsylvania in January of 2024.

98.     R.R., G.R. and S.S. believing all of their options had been exhausted, S.S. did not return to school and instead began studying to obtain his GED and is in the process of joining the military.

99.     All of the conduct of Mohawk Area School District administration has done with the consent and direction of the aforementioned school board members.

## <u>Count I</u>

**R.R., G.R. and S.S., a minor, v. Mohawk School District, Dr. Michael Leitera, Dr. Lorree Houk, Mark Hiler, Edmond Retort, Jr., Mark Solley, Nancy Solderich, Kirk Lape, Michael McBride, Rachel McGreal, James McKim, Sherry Patton, Mark Pezzuolo**

<u>First Amendment Retaliation</u>

100.    Paragraphs 1 through 99 are incorporated herein by reference as if fully set forth.

101.    For a First Amendment retaliation claim, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir.2003).

102.    R.R. and G.R. engaged in conduct protected by the First Amendment, specifically repeatedly reporting to the school board their dissatisfaction with the indifference of Mohawk to the sexual assault of their son, S.S. and other freshman football players.

103.    "[T]he key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was

sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.' " *Thomas*, 463 F. 3d at 296, *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir.2006) (quoting *Suppan v. Dadonna,* 203 F.3d 228, 235 (3d Cir.2000)).

104.   A person of ordinary firmness would be deterred from exercising their First Amendment Rights if they knew that by speaking out about the misconduct of the Mohawk administrators, school board and coaches, their son would be permanently expelled from Mohawk and, due to Mohawk's subsequent conduct be denied the opportunity for a high school education.

105.   The Defendants herein by wrongfully expelling S.S. from high school in retaliation for his mother's seeking a fair resolution of the misconduct occurring on August 17, 2022, deprived S.S. of a normal high school education, a normal high school experience and the opportunity to play high school sports and perhaps college and professional sports.

WHEREFORE, Plaintiffs R.R., G.R. and S.S. demand judgment against the Defendants Mohawk School District, Dr. Michael Leitera, Dr. Lorree Houk, Mark Hiler, Edmond Retorte, Jr., Mark Solley, Nancy Solderick, Kirk Lape, Michael McBride, Rachel McGreal, James McKim, Sherry Patton, Mark Pezzuolo in an

amount in excess of the arbitration limits, plus costs and such relief as the Court

may deem proper.   A JURY TRIAL IS DEMANDED.


                              Respectfully submitted:

                              THE LINDSAY LAW FIRM, P.C.,


                              _s/ Alexander H. Lindsay, Jr._
                              Alexander H. Lindsay, Jr., Esquire
                              Pa. Supreme Court Id. No. 15088

                              110 East Diamond Street, Suite 301
                              Butler, Pennsylvania 16001
                              Phone: (724) 282-6600
                              Fax: (724) 282-2672
                              Email:  michele@lindsaylawfirm.com